**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ROBERTO ZAMORA FUENTES, | No.    21-70076 |
| Petitioner, | Agency No. A206-623-348 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023[**]
Pasadena, California

Before:   WALLACE and OWENS, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Juan Zamora Fuentes ("Zamora Fuentes"), a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Zamora Fuentes also argues that the immigration court lacked jurisdiction over his immigration proceedings because the Notice to Appear served on Zamora Fuentes was insufficient. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual determinations for substantial evidence, *see Singh v. Holder*, 638 F.3d 1264, 1268-69 (9th Cir. 2011), we deny the petition for review.[1]

1. The BIA properly concluded that Zamora Fuentes was not eligible for asylum due to his inability to establish a nexus between his membership in a social group consisting of his family members and any past or future persecution. To be eligible for asylum, an applicant "bears the burden of" establishing that he "is a refuge within the meaning of . . . 8 U.S.C. § 1101(a)(42)(A)," and that "a nexus" exists between "past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142-43 (9th Cir. 2021) (citing *Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60

---

[1] Because the BIA adopted the decision of the IJ, we "review the IJ's decision as if it were that of the BIA." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008) (quoting *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc)).

(9th Cir. 2017)). "Specifically, the protected characteristic must be 'a central reason' for the past or feared harm." *Id.* at 1143 (citing *Barajas-Romero*, 846 F.3d at 359-60).

Here, Zamora Fuentes failed to provide any evidence that he or other members of his family have faced persecution because of membership in his family group. Notably, Zamora Fuentes's parents and siblings have resided in the same area of El Salvador, largely without incident, since Zamora Fuentes left ten years ago. Although Zamora Fuentes's cousin was murdered by gang members, Zamora Fuentes testified that the cousin was murdered because he was a member of a rival gang, not because he was a member of Zamora Fuentes's family. Based on these facts, substantial evidence supports the BIA's decision that Zamora Fuentes failed to establish the requisite nexus between his purported social group and feared future persecution, because he failed to demonstrate that membership in his family is "one central reason" for past or feared future persecution. *Garcia*, 988 F.3d at 1143-44.

2. Substantial evidence supports the BIA's decision affirming the denial of withholding of removal. "Withholding of removal requires the petitioner to demonstrate his or her 'life or freedom would be threatened in that country because of the petitioner's race, religion, nationality, membership in a particular social group, or political opinion.'" *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (alterations adopted) (quoting 8 U.S.C. § 1231(b)(3)). "A withholding of removal

3

applicant . . . must prove . . . that a cognizable protected ground is 'a reason' for future persecution." *Garcia*, 988 F.3d at 1146 (quoting *Barajas-Romero*, 846 F.3d at 359).

Here, Zamora Fuentes has provided no evidence of past persecution inflicted because of Zamora Fuentes's membership in his family and has provided no evidence of a time when his family members who still reside in El Salvador have faced persecution because of membership in the family group. Therefore, substantial evidence supports the BIA's decision that Zamora Fuentes failed to establish the requisite nexus between his purported social group and feared future persecution, because membership in his family is not "a reason" for future persecution. *Id.* (quoting *Barajas-Romero*, 846 F.3d at 359).

3. Substantial evidence supports the BIA's decision affirming the denial of protection under the CAT. To qualify for protection under the CAT, "[t]he burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "To qualify as torture, actions must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1688 n.1 (2020) (quoting 8 C.F.R. § 1208.18(a)(1)). Although "country conditions alone can 'play a decisive role in granting relief under [CAT],'" *Nuru v. Gonzales*, 404 F.3d 1207, 1219

(9th Cir. 2005) (quoting *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1280 (9th Cir. 2001)), "generalized evidence of violence and crime" in the country of removal which is not particular to the petitioner is not a sufficient basis for granting such relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Here, although Zamora Fuentes argues that the 2016 State Department Country Report for El Salvador demonstrates that "El Salvador has gross, flagrant or mass violations of humans rights within the country," such generalized evidence of violence is insufficient to establish eligibility for protection under the CAT. Additionally, Zamora Fuentes has failed to establish that any feared torture would be inflicted by or at the instigation of or with the consent of a public official. Therefore, substantial evidence supports the BIA's decision that Zamora Fuentes failed to establish eligibility for protection under the CAT.

4. Although the Notice to Appear served on Zamora Fuentes did not state the time and place of Zamora Fuentes's first hearing, it was nevertheless sufficient to confer jurisdiction on the immigration court. Although a Notice to Appear must contain all of the information required by 8 U.S.C. § 1229(a) in one document to trigger the stop-time rule, *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1486 (2021), a Notice to Appear that does not contain this information is nonetheless sufficient to confer jurisdiction on the immigration court. *United States v. Bastide-Hernandez*, 39

F.4th 1187, 1192-93, 1193 n.9 (9th Cir. 2022) (en banc). Therefore, the immigration court had jurisdiction over Zamora Fuentes's immigration case, and the removal proceedings were properly commenced.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.